At the request of the defendant, the plaintiff and one Charles Hoover became sureties on a bond given by the defendant to one Mendenhall on 19 December, 1860, for the sum of $700, and to indemnify his sureties from all loss the defendant executed to them a mortgage on a tract of land dated 15 February, 1861. Shortly after the war, Mendenhall brought suit on the bond against the principal and sureties, and recovered judgment. Execution issued and the plaintiff was compelled to pay, and did pay, $452.45 of said judgment. On 22 April, 1873, the defendant filed his petition in bankruptcy, but did not mention the name of this plaintiff in the list of his creditors, except as one of the parties defendant in the said judgment recovered by Mendenhall, not having had notice of any payment by plaintiff on said judgment. His discharge in bankruptcy was obtained on 5 July, 1873. The plaintiff's claim was not proved in the bankrupt court, and the land conveyed in the mortgage was assigned to the defendant as a homestead, under the proceedings in bankruptcy. By this action, which was commenced on 5 October, 1875, the plaintiff seeks to have the land subjected to the payment of his debt in accordance with the terms of said mortgage deed. During the (41) pendency of this action, and after the pleadings were filed, the plaintiff, upon petition to the District Court of the United States, obtained leave to proceed in the State court. Upon these facts, his Honor was of opinion with the plaintiff, and gave judgment that the mortgaged premises be sold and the proceeds applied to the debt of plaintiff. From which judgment the defendant appealed.
Upon the facts agreed, the judgment of the court below was clearly right.
The lien created by the mortgage of 1861 was valid as against the defendant's claim of homestead; and it was also valid as against the creditors of the defendant and his assignee in bankruptcy. *Page 45 
Whether the plaintiff should have sought his rights through the United States or State courts is of small moment to the defendant. We are of the opinion, however, that this procedure in the State court was right.
PER CURIAM. Affirmed.
Cited: Cheek v. Nall, 112 N.C. 374.
(42)